### THAU v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. June 1, 1906.)

STREET RAILROADS—INJURIES TO ANIMALS—EVIDENCE.

    In an action against a street railway company for injuries to plaintiff's horse in collision with a street car, evidence *held* insufficient to establish plaintiff's claim that as he swung his horse around across the track in front of the approaching car the car struck the rear wheel of his wagon, and threw the horse to the ground, causing the injuries complained of.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Frank Thau against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

William E. Weaver, for appellant.

Max Sheinart, for respondent.

CLINCH, J. The action was brought to recover damages caused to plaintiff's horse by a collision between one of defendant's cars and plaintiff's vehicle. The plaintiff contends that he was seated in his wagon on the south side of Tenth street, about four or five houses east of Avenue C, the horse facing west, and that he saw the defendant's east-bound car approaching when it was about at the corner of Avenue C, and that he swung his horse around across the track in front of the approaching car for the purpose of making a complete "face about

turn" to drive east on Tenth street; that the car struck the rear wheel of the wagon, and thus threw the horse to the ground, causing its injuries. There is no claim that the wagon was damaged. In this story he is partially but not entirely corroborated by his helper, a boy named Loeb, who states that the car struck the front part of the truck, and also by one Wiskar, who had just come out of a nearby cellar, and who agreed with plaintiff that the car struck the rear wheels. Wiskar also states that the horse started to run away, and somebody stopped him. Plaintiff and his witness, Loeb, are interested; plaintiff doubly so, in view of the fact that it appeared on the trial that he received severe personal injuries. The defendant's motorman testified that the driver of the truck was sitting on his seat, consulting a book of some sort, with the reins down slack over the horse's back; that he was proceeding slowly with his car, and noticed that the horse was getting restive; that when the car was a short distance away the horse started to run, throwing the wagon against the side of the car, which caused the accident. In this story he is corroborated by his conductor and by the very clear testimony of four disinterested witnesses, all of whom testify that the car hit the wagon in the forward part. A careful examination of the evidence constrains us to hold that the plaintiff did not sustain his contention as to the manner in which the accident happened by a preponderance of credible testimony.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.